## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| SELECTIVE CASUALTY INSURANCE | : | Civil Action No. |
| COMPANY | : | |
| Plaintiff, | : | |
| | : | Hon.                              , U.S.D.J. |
| v. | : | |
| | : | **COMPLAINT FOR DECLARATORY** |
| COMCAST OF CENTRAL NEW | : | **JUDGMENT** |
| JERSEY II, LLC | : | |
| Defendant. | : | |
| | : | |

Plaintiff, Selective Casualty Insurance Company ("Selective"), by way of Complaint for Declaratory Judgment, states:

### NATURE OF THE ACTION

This declaratory judgment action arises out of an underlying bodily injury claim instituted by the Estate of James R. Schulte ("Plaintiff") against Comcast of Central New Jersey II, LLC ("Comcast"), among other defendants.  Selective agreed to defend Comcast in the underlying action under a Settlement Agreement and Limited General Release, which agreement outlined Selective's reservation of rights in its defense of Comcast.  Prior to trial, Comcast stated that it intended to enter into a settlement agreement with Plaintiff if Selective refused to settle the case for an amount that exceeded Selective's reasonable valuation of the case.  In response, Selective advised Comcast that a direct settlement with Plaintiff would materially breach the Selective policy and that Selective would not be bound by any such settlement.  Contrary to Selective's position and the unambiguous language of the Selective policy, as to which positions Comcast was on notice, Comcast proceeded to settle all claims directly with Plaintiff on September 21, 2018.  Accordingly, Selective seeks a judgment pursuant to the Declaratory

Judgment Act, 28 *U.S.C.* §§ 2201-2202, declaring that it has no obligation to pay for and/or reimburse Comcast for its unilateral decision to settle the underlying claims directly with Plaintiff.  As such, there is a justiciable case or controversy between Selective and Comcast such that declaratory relief is appropriate.

## PARTIES

1.      Plaintiff, Selective, is an insurance company organized under the laws of the State of New Jersey and maintains its headquarters and principal place of business at 40 Wantage Avenue, Branchville, New Jersey.

2.      Selective issued a commercial insurance policy to its named insured, Frazee's Cable Service, Inc., that incepted on January 3, 2013, and expired on January 3, 2014 (the "Selective Policy").

3.      Upon information and belief, Comcast is a Delaware Limited Liability Corporation, with its principal place of business located in Pennsylvania, and its sole managing member, Comcast PM Holdings, LLC, located at 1701 John F. Kennedy Blvd. in Philadelphia, Pennsylvania.

4.      Upon information and belief, Comcast conducts business in New Jersey, is physically present in New Jersey, and otherwise regularly seeks to avail itself of the protections of New Jersey law.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction under 28 *U.S.C.* § 1332(d)(2).  Selective and Comcast are citizens of different states and the amount in controversy of this action exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

6.      Venue is proper in this District under 28 *U.S.C.* § 1391(b) and (c) because a substantial part of the events giving rise to these claims occurred in the District of New Jersey; Comcast was doing, and still does, business in the District of New Jersey; and Comcast is otherwise subject to personal jurisdiction in the district.

## BACKGROUND FACTS

### A.      Underlying Bodily Injury Action

7.      Plaintiff, The Estate of James Schulte, filed an action, in the Superior Court of New Jersey, Law Division, Middlesex County, bearing docket number MID-L-6056-15, arising out of Mr. Schulte's death that occurred on October 16, 2013. ("Underlying Action").

8.      Plaintiff asserted claims against Comcast and Selective's named insured, Frazee's, among other parties.

9.      Comcast tendered a claim for defense and indemnification as an additional insured under the subject policy to Selective, which tender was the subject of a third-party action instituted by Comcast against Selective.

10.      Comcast's third-party claim for additional insurance coverage against Selective was resolved by way of a Settlement Agreement and Limited General Release (the "Agreement"), which agreement was executed on October 9, 2017, by Comcast, and October 12, 2017, by Selective.

11.      Pursuant to the terms of the Agreement and all terms, conditions, exclusions, endorsements, and provisions within the Selective Policy, Selective agreed to defend Comcast under a reservation of rights in the Underlying Action.

12.    In good faith, Selective permitted Comcast's appointed counsel to continue to defend Comcast, subject to Selective's control of the defense and the terms, conditions, exclusions, endorsements, and provisions within the Selective Policy.

13.    Throughout the course of discovery and up to the time of trial, Selective's valuation of Plaintiff's claims was guided, in pertinent part, by Comcast's defense counsel's evaluations and opinions.

14.    Selective continued to defend Comcast as discovery in the Underlying Action concluded, and the parties attempted to resolve the Underlying Action through mediation and a settlement conference, however, Plaintiff's settlement demands materially differed from Selective's valuation of the case, as well as the value reported to Selective by Comcast's defense counsel.

15.    During a settlement conference on August 16, 2018, Comcast informed Selective that if Selective refused to settle the Underlying Action on Comcast's behalf for an amount that exceeded Selective's reasonable valuation of the case at $500,000, that Comcast would proceed with entering into a settlement agreement directly with Plaintiff.

16.    In response, Selective advised Comcast that a direct settlement with Plaintiff would materially breach the Selective Policy and be considered a voluntary payment that would not be binding on Selective.

17.    Through coverage counsel, Comcast continued to advocate the position that it would proceed to settle directly with Plaintiff if Selective did not settle the case for an amount that exceeded Selective's reasonable $500,000 valuation of the case.

18.     In response, Selective continued to advise Comcast that a direct settlement with Plaintiff would materially breach the Selective Policy and any such settlement would not be binding on Selective.

19.     Contrary to Selective's positions regarding voluntary payments and the unambiguous terms and conditions of the Selective Policy, Comcast proceeded to enter into a settlement agreement with Plaintiff on September 21, 2018.

**B.     <u>Selective Policy</u>**

20.     Selective issued a commercial general liability insurance policy to Frazee's that incepted on January 3, 2013, and expired on January 3, 2014.

21.     In pertinent part, the Selective Policy contains a Commercial General Liability Coverage Form (CG 00 01 12 07) which reads as follows:

**SECTION IV — COMMERCIAL GENERAL LIABILITY CONDITIONS**
\*\*\*

**2.     Duties In The Event Of Occurrence, Offense, Claim Or Suit**
\*\*\*

**c.**     You and any other involved insured must:

\*\*\*

**3)**     Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

\*\*\*

**d.**     No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.
\*\*\*

22.     Comcast materially breached the Selective Policy by failing to cooperate with Selective in the defense and settlement of the Underlying Action, which Action was being

defended by Selective, as Selective had the contractual right to control Comcast's defense under the terms of the Selective Policy and the Agreement.

23.     Comcast further breached the Selective Policy by making a voluntary payment, assuming an obligation to Plaintiff, and incurring an expense through its actions in settling the Underlying Action without Selective's consent.

24.     Under the plain language and unambiguous terms and conditions of the Selective Policy, Comcast's voluntary payment is at its own cost and expense, and is not binding upon Selective.

## COUNT I

## DECLARATORY JUDGMENT – NO DUTY TO PAY OR REIMBURSE COMCAST'S VOLUNTARY PAYMENT TO PLAINTIFF

25.     Selective re-alleges paragraphs 1 through 24 above and incorporates them by reference as if fully set forth herein.

26.     Pursuant to the terms and conditions of the Commercial General Liability Form (CG 00 01 12 07) and the Agreement, Selective has no obligation to pay for or reimburse Comcast for its voluntary payment to Plaintiff.

27.     Comcast materially breached the terms and conditions of the Selective Policy by failing to cooperate with Selective's defense of Comcast in the Underlying Action and by making a voluntary payment, at its own cost, to Plaintiff as to which Selective did not consent.

28.     Because the Selective Policy does not afford coverage for an insured's voluntary payment, Selective has no duty to pay for or reimburse Comcast for its settlement with Plaintiff in the Underlying Action.

29.     Based on the terms, provisions, limitations, exclusions and conditions applicable to the Commercial General Liability Coverage Form and the Agreement, Selective is entitled to a

declaration that it has no duty to pay for or reimburse Comcast for its voluntary payment and settlement with Plaintiff.

**WHEREFORE,** Selective demands judgment as follows:

(a)     declaring that Selective has no duty to pay for or reimburse Comcast for its voluntary payment and settlement with Plaintiff;

(b)     for such other relief as the Court deems appropriate.

McElroy, Deutsch, Mulvaney & Carpenter, LLP
Attorneys for Plaintiff,
Selective Casualty Insurance Company

Dated:  October 2, 2018           By:  ___*s/ Eric G. Siegel*_____
                                       Eric G. Siegel